UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TRANSACTLY, INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ALEXANDER HAYDEN and LUKE PATTON, individually and doing business as TRANSACTIFY, and JOHN DOE doing business as TRANSACTIFY**<br><br>        **Defendants** | Case No.: 4:21-cv-00421<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Transactly, Inc., for its Complaint against Defendants Alexander Hayden, Luke Patton and John Doe, states:

### NATURE OF ACTION

1. This is an action for trademark infringement and unfair competition.

2. Plaintiff Transactly is in the business of providing software and services to real estate agents and brokers that help manage the real estate brokerage and transaction process, including streamlining and better organizing various tasks for closing real estate transactions. Transactly has been using the registered trademark TRANSACTLY in connection with this software and its services since 2017.

3. Defendants have been in a similar business for many years but they previously sold their software and services for brokerage and real estate transaction management under the mark and name BrokerFlow.

4. Only after Defendants learned of Plaintiff's mark TRANSACTLY and Plaintiff's success in the marketplace with a better product did Defendants change their brand to the mark TRANSACTIFY to try to directly compete with Plaintiff. This occurred in late 2020.

5. Plaintiff's and Defendants' competing brands are nearly identical:

Plaintiff's



Defendants'



6. Defendants' use of TRANSACTIFY to compete with Plaintiff's TRANSACTLY products and services is blatant willful and intentional trademark infringement and unfair competition. They couldn't just stick with BrokerFlow. They had to compete unfairly.

7. As a result, Plaintiff seeks to permanently enjoin Defendants from further use of the infringing mark and recovery of damages.

**THE PARTIES**

8. Plaintiff, Transactly, Inc. ("Transactly") is a Delaware corporation with its principal place of business at 117 S. Main Street, 2nd Floor, St. Charles, Missouri 63301. Transactly is a real estate technology company that provides software and services to real estate agents and brokerages to help manage the real estate transaction process.

9. Defendant Alexander Hayden is an individual residing in Texas and is the one of the persons who chose and directed the use of the mark TRANSACTIFY.  While he advertises that there is a company called "Transactify, Inc." that is behind his business, this company does

not exist. Hayden is doing business as TRANSACTIFY with its principal place of business in Austin, Texas. Hayden's business is a real estate technology company that provides software and services to real estate brokerages to help manage the real estate transaction process. He and his false company Transactify have been actively promoting and selling its products and services bearing the infringing mark in this judicial district. He formerly operated as BrokerFlow, where he also actively sold in this district.

10. Defendant Luke Patton is the other person behind the infringing mark TRANSACTIFY. Patton is an individual also residing in Texas and has done and is doing the same things set forth for Hayden above.

11. Out of an abundance of caution, since Hayden and Patton falsely advertise a company called Transactify, Inc., Plaintiff names John Doe as a defendant in case there is an actual corporate entity doing business as TRANSACTIFY.

## JURISDCTION

12. This Court has original federal question jurisdiction and supplemental jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a), as this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et. seq.*

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are all doing business in this District, actively promoting and selling its products and services here and because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this District.

14. The Eastern Division is appropriate as this case arises from conduct occurring in and directed to the St. Louis, Missouri metropolitan area.

## BACKGROUND

15. Transactly owns a federal registration for the TRANSACTLY® mark. Since 2017, Transactly has used and promoted the TRANSACTLY® mark in connection with services that facilitate real estate transactions between real estate professionals and their clients.

16. Transactly brings this action to stop Defendants from the unauthorized and infringing use of the TRANSACTIFY mark—a mark strikingly and confusingly similar to Transactly's registered trademark.

17. Defendants' use of the TRANSACTIFY mark is likely to cause confusion, mistake or to deceive the public as to the source of Defendants' services, and as to the existence of a connection, affiliation or sponsorship between Defendants and Transactly, when no such connection or affiliation exists. Indeed, there can be no doubt that Defendants purposely chose this mark to try to take business away from Plaintiff.

18. Defendants have used the TRANSACTIFY mark in connection with services that will result in a likelihood of confusion. There is a high likelihood that the continued use and promotion by Defendants of the TRANSACTIFY mark will cause additional confusion in the marketplace as to the source of the services offered by Transactly and Defendants, respectively. The overlap in the respective parties' services and clients/customers, quality notwithstanding, and the confusingly similar marks used by the respective parties, is likely to lead to confusion.

19. This action seeks permanent injunctive relief, monetary relief, and attorneys' fees based on Defendants' violation of: (1) § 32 of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114 (federal trademark infringement); (2) § 43 of the Lanham Act, 15 U.S.C. § 1125(a) (federal unfair competition and false designation of origin); (3) common law trademark infringement and (4) common law unfair competition.

20. Transactly owns Fed. Reg. No. 5,664,388 for "Subscription-based Software as a Service (SAAS) platform that facilitates real estate transactions between real estate professionals and their clients online, by providing offer handling, negotiations, communication, e-Signing and task management" in International Class 42. (*See* Transactly's Trademark Registration Certificate, attached hereto as Exhibit A.)

21. Real estate brokerage companies, brokers and agents are part of Transactly's client base.

22. Transactly's federal registration is valid and subsisting.

23. Transactly began using the TRANSACTLY® mark since as early as 2017. Since that time, Transactly has continuously and extensively used its TRANSACTLY® mark in connection with the offering of its real estate transactions services as described more above.

24. The TRANSACTLY® mark is recognized by its consumers as representing Transactly's high-quality technology and services.

25. In or around early 2021, Transactly learned that Defendants were operating a competing business under the mark TRANSACTIFY, which it turns out started in late 2020.

26. Transactify (by Defendants) have contacted businesses located in the St. Louis, Missouri area to solicit services that purport to be similar, if not identical to, services offered by Transactly.

27. By email dated January 18, 2021, Transactly notified Defendants that it objected to Defendant's use of the TRANSACTIFY mark and demanded that Defendants cease and desist from all use of the TRANSACTIFY mark, or any other mark confusingly similar to Transactly's registered trademark.

4832-3515-4916.1

28. Defendants failed to respond to Transactly's infringement notice letter, refused to comply with Transactly's cease and desist demand and instead continues to willfully and unlawfully infringe the TRANSACTLY mark.

29. Defendants' use of its TRANSACTIFY mark, which is confusingly similar to the TRANSACTLY mark , is intentional and likely to cause confusion.  Further, the services offered by Defendants are closely related, if not identical (quality notwithstanding), to the services Transactly offers under the TRANSACTLY mark.

30. Defendants' use of its TRANSACTIFY mark is likely to cause confusion or mistake or to deceive the public as to the origin, sponsorship or approval of Defendants' services or commercial activities by Transactly.

31. Unless enjoined, Defendants will continue to willfully infringe and violate Transactly's rights in its registered trademark, which will irreparably harm Transactly and cause Transactly to suffer damages, including but not limited to, damage to its goodwill and business reputation. Plaintiff also is entitled to disgorgement of Defendants' profits as a measure of damages since Defendants made money by using the infringing mark.

**Count I**
**(Trademark Infringement – 15 U.S.C. § 1114)**

32. Transactly realleges paragraphs 1-31.

33. Defendants have used words, terms, names and colorable imitations of Plaintiff's TRANSACTLY® mark in connection with the sale, offering for sale or advertising of products and  services.

34. Defendants' use of a mark that is confusingly similar to Transactly's registered trademark is likely to cause confusion, mistake or deceive an appreciable number of ordinary buyers as to the source of or association of those services with Transactly.

35. Defendants' conduct is willful.

36. Defendants' conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

37. By reason of the foregoing acts of Defendants, Transactly has sustained, and unless enjoined will continue to sustain, substantial injury and damage.

38. Defendants' acts have caused Transactly irreparable harm and, unless enjoined, will continue to cause Transactly continuing irreparable harm.

39. Transactly has no adequate and complete remedy at law.

## Count II
### (Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a))

40. Transactly realleges paragraphs 1-39.

41. Defendants' use of a mark confusingly similar to the TRANSACTLY mark for related and/or identical services is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those services with Transactly.

42. Defendants continue to use the TRANSACTIFY mark, that is confusingly similar to Transactly's registered trademark, in connection with their services.

43. The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

44. By reason of the foregoing acts of Defendants, Transactly has sustained, and unless enjoined will continue to sustain, substantial injury and damage. The Defendants' acts, unless enjoined, will cause Transactly continuing irreparable harm.

45. Transactly has no adequate and complete remedy at law.

4832-3515-4916.1

## Count III
### (Missouri Common Law Trademark Infringement)

46. Transactly realleges paragraphs 1-45.

47. Defendants' use of a mark confusingly similar to the TRANSACTLY mark for related and identical services is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those services with Transactly.

48. Defendants' use of a mark confusingly similar to the TRANSACTLY mark was and is done intentionally, willfully and with harmful motive and reckless indifference to Transactly's rights.

49. Defendants' use of a mark confusingly similar to the TRANSACTLY mark has caused and, unless enjoined, will continue to cause irreparable harm to Transactly.

50. Transactly has no adequate and complete remedy at law.

51. Defendants' actions constitute infringement of Transactly's common law trademark rights in the TRANSACTLY mark within the state of Missouri and in violation of Missouri law.

## COUNT IV
### (Missouri Common Law Unfair Competition)

52. Transactly realleges paragraphs 1-51.

53. Transactly is the rightful owner of all common law rights in the TRANSACTLY mark.

54. Defendants' use of a mark confusingly similar to the TRANSACTLY mark for both related and identical services is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those services with Transactly.

55. Defendants could have chosen any number of alternative non-infringing marks, but instead chose to use TRANSACTIFY, which is confusingly similar to the TRANSACTLY mark.

56. Defendants' acts constitute unfair competition, unfair trade practice and infringement of Transactly's common law rights and are in violation of the common law of the State of Missouri.

57. Defendants' use of a mark confusingly similar to the TRANSACTLY mark is done with willful intent, harmful motive and reckless indifference to Transactly's rights.

58. Defendants have been unjustly enriched by its acts.

59. Defendants' use of a mark confusingly similar to Transactly's TRANSACTLY trademark has caused and, unless enjoined, will continue to cause irreparable harm to Transactly.

60. Transactly has no adequate and complete remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Transactly prays for judgment in its favor and against Defendants with respect to all of the foregoing Counts as follows:

A. Permanently enjoining Defendants, their servants, agents and employees, and all other persons in active concert or participation with Defendants, and their successors and assigns, from directly or indirectly:

    (1) using any marks or names confusingly similar to TRANSACTLY, including the TRANSACTIFY mark, as well as any colorable imitation of the TRANSACTLY mark;

    (4) otherwise infringing the TRANSACTLY mark; and

9

  (5)  competing unfairly with Transactly in any manner including through use of the TRANSACTIFY mark, as well as any mark that is likely to cause confusion with the TRANSACTLY mark;

 B. Ordering Defendants to deliver up for destruction all labels, signs, prints, insignia, letterhead, brochures, business cards, invoices and any other written or recorded material or advertisements in its possession or control containing a mark confusingly similar to the TRANSACTLY mark, including all bearing the TRANSACTIFY mark;

 C. Ordering Defendants to permanently delete from all online places any reference to the mark TRANSACTIFY, including deletion of the website transactify.re and cease use of that domain name without any redirection.

 D. Ordering Defendants to file with this Court and serve on Transactly within thirty (30) days from the date of entry of any restraining order and/or injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the terms of the injunction;

 E. Ordering Defendants to pay Transactly:

  (1)  all profits, gains and advantages obtained from Defendants' unlawful conduct and infringement;

  (2)  the costs of corrective advertising damages in an amount to be determined at trial;

  (2)  all monetary damages sustained and to be sustained by Transactly as a consequence of Defendants' unlawful conduct, including lost profits, in an amount to be determined at trial; and

10

  (3) Transactly's costs and disbursements of this action, including reasonable attorneys' fees.

F. Finding Defendants' actions to have been willful, and therefore order that the Defendants' profits or Transactly's damages (whichever is greater) be trebled as provided under 15 U.S.C. § 1117(b).

G. Awarding interest on the above damages;

H. Assessing court costs against Defendants; and

I. Awarding such other relief as this Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Transactly demands a trial by jury.

Dated:  April 9, 2021    Respectfully Submitted,

      By: s/*Jeffrey H. Kass*
        Jeffrey H. Kass, MO Atty. Reg. No. 46800
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        100 S. 4th Street, Suite 500
        St. Louis, MO 63102
        and
        1700 Lincoln Street, Suite 4000
        Denver, CO 80203
        Tel.: 303-861-7760
        Fax: 303-861-7767
        Jeffrey.Kass@lewisbrisbois.com

        Edward "Coach" Weinhaus, MO Atty Reg. No. 72-255
        LegalSolved LLC
        10859 Piccadilly Sq. Dr.
        Creve Coeur, MO. 63146

        *Attorneys for Plaintiff*